UNITED STATES of America,
Plaintiff-Appellee,

v.

Joel Arnoldo GUERRERO-ALMODO-
VAR, a.k.a. Joel Guerrero-Almo-
dovar, Defendant-Appellant.

Nos. 15-50370, 15-50372

United States Court of Appeals,
Ninth Circuit.

Submitted June 26, 2017 *

Filed July 3, 2017

Benjamin Joseph Katz, Special Assistant
U.S. Attorney, Helen H. Hong, Assistant
U.S. Attorney, Nicole Ries Fox, Assistant
U.S. Attorney, Office of the US Attorney,
San Diego, CA, for Plaintiff-Appellee

Timothy Garrison, Trial Attorney, Doug
Keller, Attorney, Federal Defenders of
San Diego, Inc., San Diego, CA, Defen-
dant-Appellant

Before: PAEZ, BEA, and MURGUIA,
Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Joel Ar-
noldo Guerrero-Almodovar challenges the
63-month sentence imposed following his
guilty-plea conviction for attempted reen-
try of a removed alien, in violation of 8
U.S.C. § 1326, and the 12-month-and-one-
day consecutive sentence imposed upon

revocation of supervised release. We have
jurisdiction under 28 U.S.C. § 1291, and
we affirm.

Guerrero-Almodovar contends that the
district court erred in applying a 16-level
enhancement under U.S.S.G.
§ 2L1.2(b)(1)(A)(ii) (2014) because his pri-
or conviction under California Penal Code
§ 211 is not a crime of violence. This claim
is foreclosed. *See United States v. Becer-*
*ril-Lopez*, 541 F.3d 881, 893 & n.10 (9th
Cir. 2008) (robbery conviction under Cali-
fornia Penal Code § 211 is categorically a
crime of violence). Contrary to Guerrero-
Almodovar's assertion, *Descamps v. Unit-*
*ed States*, —— U.S. ——, 133 S.Ct. 2276,
186 L.Ed.2d 438 (2013), which concerns the
modified categorical approach, does not al-
low us to disregard *Becerril-Lopez*. *See*
*Miller v. Gammie*, 335 F.3d 889, 893 (9th
Cir. 2003) (en banc) (three-judge panel is
bound by circuit precedent unless that
precedent is "clearly irreconcilable" with
the reasoning of an intervening higher au-
thority).

Guerrero-Almodovar next contends that
the district court violated the Sixth
Amendment by increasing his sentence on
the basis of a prior felony conviction that
was not found by a jury. As he concedes,
this claim is foreclosed by *Almendarez-*
*Torres v. United States*, 523 U.S. 224, 118
S.Ct. 1219, 140 L.Ed.2d 350 (1998), which
continues to bind this Court. *See United*
*States v. Leyva-Martinez*, 632 F.3d 568,
569 (9th Cir. 2011) (order) ("We have re-
peatedly held ... that *Almendarez-Torres*
is binding unless it is expressly overruled
by the Supreme Court.").

Finally, Guerrero-Almodovar argues
that the district court denied him his right

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

of allocution before sentencing him on his violation of supervised release. The record belies this claim. During a consolidated hearing, the court invited Guerrero-Almodovar to speak before imposing sentence on his new conviction for illegal reentry and his violation of supervised release. Thus, Guerrero-Almodovar was given "an opportunity to make a statement and present any information in mitigation," Fed. R. Crim. P. 32.1(b)(2)(E), before the sentence was imposed. *See United States v. Allen,* 157 F.3d 661, 666 (9th Cir. 1998).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.